Marc J. Randazza, Esq.,
Arizona Bar No. 027861
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| LIBERTY MEDIA HOLDINGS, LLC | Case No. <br> Judge: |
| Plaintiff, | **COMPLAINT** |
| vs. | (1) **DIRECT COPYRIGHT INFRINGEMENT;** |
| VINIGAY.COM, GUSTAVO PALADESKI, AND DOES 1-100 | (2) **CONTRIBUTORY COPYRIGHT INFRINGEMENT;** <br> (3) **VICARIOUS COPYRIGHT INFRINGEMENT** |
| Defendants. | (4) **INDUCEMENT OF COPYRIGHT INFRINGEMENT** |

Plaintiff, Liberty Media Holdings ("Liberty" or "Plaintiff") files this complaint against multiple Defendants, Vinigay.com ("Vinigay"), Gustavo Paladeski ("Paladeski"), and Does 1-100, and alleges as follows:

**INTRODUCTION**

1. This is an action by Liberty to recover damages arising from infringement of Plaintiff's copyrights in its creative works by the Defendants, either directly or indirectly, through the use of the Vinigay.com website.

2. Vinigay.com is owned and operated by Gustavo Paladeski, a foreign individual.

3. Defendants reproduced and distributed certain Plaintiff-owned works through www.vinigay.com.

4. Does 1-100 are members of Vinigay.com or merely downloaded copyrighted works off of the Vinigay.com website. They remain presently unidentified.

5. The Defendants' actions were willful in nature, entitling the Plaintiff to enhanced damages. The Plaintiff seeks statutory damages, actual damages, an award of its attorneys' fees and costs of suit, as well as injunctive relief.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to the Copyright Act. 17 U.S.C. §§ 101 et seq.

7. This Court has personal jurisdiction over the Defendants, who have engaged in business activities in and directed to this district, and have committed tortious acts within this district or directed at this district. Gustavo Paladeski registered the domain name, Vinigay.com, with Wild West Domains—a domain name registrar located in Arizona. Paladeski, therefore, consented to jurisdiction in Arizona by virtue of signing the Wild West Domains registration agreement. In addition, registering the Vinigay.com domain name in Arizona makes the Vinigay.com domain name and its operator subject to jurisdiction in Arizona.

8. Additionally, as foreign defendants, Vinigay and Paladeski are subject to jurisdiction in any district. See 28 U.S.C. 1391 ("An alien may be sued in any district."). See also Fed. R. Civ. P. 4(k)(2).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), (c) and (d); and 28 U.S.C. §1400(a).

## THE PARTIES

### THE PLAINTIFF, LIBERTY MEDIA HOLDINGS, LLC

10. Liberty is a California LLC with a mailing address of 302 Washington Street, Suite 321, San Diego, CA 92103.

11. Plaintiff Liberty produces, markets, and distributes adult-oriented audiovisual works under the registered marks CORBIN FISHER®, and CORBIN FISHER'S AMATEUR COLLEGE SEX®, including photographs, books, DVDs, and through the operation of a website. At this website, individuals purchase monthly subscriptions to view Plaintiff's photographic works and audiovisual content.

12. Liberty's website has "free tour" areas where G-Rated photographs may be viewed, but its more explicit erotic works are only available to individuals who pay a monthly subscription fee or who purchase a DVD from Liberty.

13. Liberty prohibits persons who are under the age of 18 from accessing the more explicit areas of its website, and does not sell its DVDs to minors.

### DEFENDANT VINIGAY.COM

14. Vinigay.com does business as and operates the website at www.vinigay.com.

15. Defendant Vinigay.com competes with Plaintiff in the distribution and sale of adult-oriented, audiovisual works through Internet distribution.

16. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### DEFENDANT GUSTAVO PALADESKI

17. On information and belief, Paladeski is the owner and operator of the website Vinigay.com. He is shown as the registrant on the Whois information for vinigay.com. Exh. 1.

18. On information and belief he is responsible for posting each of Plaintiff's videos to the vinigay.com website.

19. Plaintiff avers that each Defendant, individually, corporately, jointly and/or severally, acted intentionally, knowingly, negligently or through willful blindness, as an agent, or representative of each and every, all and singular, the other Defendants, and acted to further the ends of the illegal and improper purposes alleged herein in a common course or scheme to infringe on the Plaintiff's copyrighted intellectual property for profit and monetary gain.

### STATEMENT OF FACTS

20. Vinigay.com is a website that provides adult-themed audiovisual content to the public. The sole type of works available on the website appear to be copyrighted videos. These videos are stolen from a number of adult entertainment companies, including Plaintiff. The site is free to join and view videos, and posts links to megaporn.com where paying members of

megaporn.com may download the videos as well. Megaporn sells monthly subscriptions for roughly $11.23 per month or $112.45 per year. Exh. 2. Should someone sign up for a membership at Megaporn after being referred by Vinigay.com, Vinigay.com receives a commission. Exh. 3.

21.   Additionally, Vinigay's business model depends on ad generated income and profits. In addition to the usual sort of web banners and pop up advertisements that appear on Vinigay.com, each free video is embedded with an ad at the beginning of the copyrighted content as well. Exh. 4.

22.   Although Liberty takes steps to keep its materials out of the hands of minors, Vinigay.com took no such protective steps, thus potentially circumventing Liberty's strong "no minors" policy

23.   Neither Defendant Vinigay.com nor the individual viewing the pirated material pays anything to the actual copyright owner of the pirated materials.

24.   Defendant Vinigay.com's is additionally attempting to grow its membership base by requesting that users visiting the site repost the videos they watch to their own twitter accounts. Exh. 5.

25.   Plaintiff Liberty discovered 3 copies of its copyrighted material illegally shared on Defendant's website. A list of the copyrighted works, as well as the URL of the infringing copy, is attached hereto as Exhibit 6.

26.   Plaintiff conducted an investigation, which revealed that Defendant Vinigay.com did not have a registered DMCA Agent, required by **17 U.S.C. §512(c)(2),** to qualify for the DMCA safe harbor provisions. See http://www.copyright.gov/onlinesp/list/h_agents.html.

27.   Defendant Vinigay.com is a massive copyright infringer. It publishes illicitly obtained copyrighted materials to lure potential members to its website, and engages in this illicit activity for profit.

28.   The principals of Vinigay.com and the other corporate Defendants, both known and unknown, are equally liable.

29.   In addition to memberships sold through its website, Plaintiff sells its copyrighted audiovisual material in DVD format. Sales occur through various channels, including wholesale

distribution for down-channel retail distribution. Plaintiff also markets its products through third-party licensees.

30. The audiovisual works at issue are valuable, and easily discernable as professionally produced works. Plaintiff Liberty created the works using highly talented performers, directors, cinematographers, lighting technicians, set designers, and editors. Plaintiff Liberty created the works using the highest quality cameras, lighting, and editing equipment.

31. Neither the individuals supplying copyrighted works to Defendant nor Vinigay.com itself, nor any other Defendants, determines the true and correct owners of the copyrighted works. This is true although both the individuals transferring and the Defendant receiving and distributing these works are actually or constructively aware, should be aware, or are willfully blind that the copyrights belong to entities other than the individuals or Defendants. Both the individuals supplying the works and the Defendant distributing the intellectual property fail and refuse to apply for proper licensing and further fail to determine the identity and age of the actors appearing in the works as required by law.

32. Vinigay.com earns revenue through commissions on premium memberships by referring users to megaporn.com as well as advertisements. Vinigay.com is able to generate Internet traffic based on the number and quality of videos available on its website and is able to sell ad space based on its site's daily hits and number of users, which in turn is influenced by the number of new videos uploaded as well as their quality and desirability.

33. Defendants' unauthorized reproduction, public display, and distribution of Plaintiff Liberty's works serve as an inducement, attracting many individuals to access the Defendant Vinigay.com web site, and who would also profit the Defendants by clicking through on other paid ads to other sponsors of the Vinigay.com website, or by signing up for memberships at megaporn.com in order to download the copyrighted works in full.

34. Defendants reproduce, distribute, and profit from Plaintiff Liberty's works on Defendant Vinigay.com's website.

35. Defendants actively engage in, promote, and induce copyright infringement. Each infringement act occurred on www.Vinigay.com.

36. Plaintiff Liberty's employee discovered and documented that Defendants reproduced, publicly displayed, and distributed through the Vinigay.com website at least 3 unauthorized video files copyrighted by and belonging to Plaintiff. Vinigay.com's customers viewed the illegally and improperly obtained intellectual property, and downloaded the property, thus making more copies thereof.

37. Defendants' business model depends on the uploading, posting, displaying and performance of copyrighted audiovisual works belonging to Plaintiff Liberty. Defendants intentionally, knowingly, negligently, or by willful blindness built a library of works that infringed on copyrighted material for drawing Internet traffic to view the works and in order to sell ad space on its website, creating substantial revenues thereby, and to generate commissions from megaporn.com.

38. Defendants intentionally, knowingly, negligently, or through willful blindness choose to avoid reasonable precautions to deter rampant copyright infringement on Defendant Vinigay.com's website.

39. Defendants make no attempt to indentify the individuals providing the works, where the individuals obtained the works, or whether the individuals had authority to further reproduce and distribute the works.

40. Defendants acts and omissions allow them to profit by their infringement while imposing on copyright owners a monetary burden to monitor Defendant's website without sufficient means to prevent continued and unabated infringement.

41. Prior to releasing its works into the market on the Internet or in DVD format, Plaintiff Liberty marks each work with a copyright notice. Plaintiff Liberty's labels reflect its true business address and a statement that it maintains age authentication records at that address, as required by 18 U.S.C. §2257.

42. Plaintiff Liberty prominently displays its copyright mark on its website, and prominently displays its trademark on its films.

43. Defendants' infringements harmed and continue to harm Plaintiff Liberty and others legally deriving the benefits of Plaintiff Liberty's creative works. Defendants' continued

infringements undermine Plaintiff Liberty and other creative enterprises that produce audiovisual works.

44. Plaintiff Liberty seeks immediate redress, as follows:

    a. A declaration that Defendants' conduct in reproducing and distributing Plaintiff's copyrighted works without authorization willfully infringes Plaintiff Liberty's copyrights;

    b. A permanent injunction requiring Defendants employ reasonable methods and/or technologies preventing or limiting infringement of Plaintiff Liberty's copyrights;

    c. Statutory damages for Defendants' past and present willful infringement, or actual damages plus profits.

    d. A seizure of all of the instrumentalities of the Defendants' illegal acts.

## FIRST CAUSE OF ACTION
### Copyright Infringement – 17 U.S.C. §§ 101 *Et. Seq.*

45. Plaintiff repeats and incorporates by reference as if *verbatim*, each and every paragraph previous to this section, inclusive.

46. Plaintiff Liberty holds the copyright on each of the infringed works alleged in this action. Exh. 7.

47. At all pertinent times, Plaintiff Liberty was the producer and registered owner of the audiovisual works illegally and improperly reproduced and distributed by Defendants through the Vinigay.com website.

48. Defendants reproduced, reformatted, and distributed Plaintiff Liberty's copyrighted works by and through servers and/or other hardware owned, operated, and/or controlled by Defendant Vinigay.com.

49. Defendants infringed Plaintiff's copyrights by reproducing and distributing the works through Defendant Vinigay.com's website without proper approval or authorization of Plaintiff.

50. Defendants knew or should have reasonably known they did not have permission to exploit Plaintiff Liberty's works on the Vinigay.com website and further knew or should have known their acts constituted copyright infringement.

51. Defendants made no attempt to discover the copyright owners of the pirated works before exploiting them. Defendants failed and refused to take any reasonable measures to determine the owner or license holder of copyrighted works.

52. Defendants engaged in intentional, knowing, negligent, or willfully blind conduct sufficient to demonstrate they engaged actively in the improper collection and distribution of Plaintiff Liberty's copyrighted works.

53. The quantity of copyrighted files available to Internet users increased the attractiveness of Defendant Vinigay.com's services to its customers, increased its membership base, and increased its ad sales revenue.

54. Vinigay.com actively encouraged users to upload and republish pirated copyrighted files.

55. Defendants controlled the files removed from Defendant Vinigay.com's website and determined which files remained.

56. Vinigay.com never adopted procedures to ensure that distribution of Liberty's copyrighted materials would not occur. Further, Vinigay.com never established, implemented, or enforced a "repeat infringer" policy.

57. Defendant Vinigay.com was aware, either actually or constructively, should have been aware, or was willfully blind that pirated copyrighted materials comprised the most popular videos on the Defendant Vinigay.com system. Defendant Vinigay.com affirmatively and willfully accommodated Internet traffic generated by the illegal acts.

58. Defendants' conduct was willful within the meaning of 17 U.S.C. §101, *et seq*. At a minimum, Defendants acted with willful blindness and reckless disregard of Plaintiff Liberty's registered copyrights.

59. Because of their wrongful conduct, Defendants are liable to Plaintiff for copyright infringement. See 17 U.S.C. §501. Plaintiff suffers and will continue to suffer substantial losses, including, but not limited to, damage to its business reputation and goodwill.

60. The law permits Plaintiff to recover damages, including readily ascertainable direct losses and all profits Defendants made by their wrongful conduct. 17 U.S.C. §504. Alternatively, the law permits Plaintiff Liberty to recover statutory damages. 17 U.S.C. §504(c).

61. Because of Defendants' willful infringement, the law permits enhancement of the allowable statutory damages. 17 U.S.C. §504(c)(2).

62. The law permits Plaintiff injunctive relief. 17 U.S.C. §502. Further, the law permits a Court Order impounding any and all infringing materials. 17 U.S.C. §503.

63. Plaintiff Liberty has no adequate remedy at law for Defendants' wrongful conduct, as follows:

   a. Plaintiff's copyrights are unique and valuable property having no readily determinable market value;

   b. Defendants' infringement harms Plaintiff's business reputation and goodwill such that Plaintiff could not be made whole by any monetary award; and,

   c. Defendants' wrongful conduct and damages to Plaintiff are continuing and unremitting.

64. Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting further infringement of Plaintiff's copyrights; 17 U.S.C. §502.

## SECOND CAUSE OF ACTION
## Contributory Copyright Infringement

65. Plaintiff re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

66. Unknown individuals, without authorization, reproduced and distributed Plaintiff Liberty's works through Defendant Vinigay.com's website, directly infringing Plaintiff Liberty's copyrighted works.

67. Vinigay.com contributed to the infringing acts of those individuals.

68. Vinigay.com was aware, should have been aware, or was willfully blind to the infringing activity.

69. Vinigay.com aided, abetted, allowed, and encouraged those individuals to reproduce and distribute Plaintiff Liberty's copyrighted works through its website without regard to copyright ownership.

70. Vinigay.com had the obligation and ability to control and stop the infringements. However, Vinigay.com failed to do so.

71. Vinigay.com materially contributed to the infringement.

72. Vinigay.com received direct financial benefits from the infringements.

73. All Defendants had actual, constructive or should have had actual or constructive knowledge of the infringing acts.

74. The conduct, acts, and omission of all Defendants demonstrate contributory copyright infringement.

## THIRD CAUSE OF ACTION

### Vicarious Copyright Infringement

75. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

76. Without authorization, individuals reproduced, distributed, and publicly displayed Plaintiff Liberty's works through Defendant Vinigay.com's website, directly infringing Plaintiff Liberty's copyrighted works.

77. Vinigay.com was actually or constructively aware or should have been aware or were willfully blind to the infringing activity.

78. Vinigay.com was able to control or completely end the illegal and improper infringement, but failed and refused to do so.

79. Vinigay.com contributed materially to the infringement

80. Vinigay.com received direct financial gain and profit from those infringing activities.

81. The acts, omissions, and conduct of all Defendants constitute vicarious copyright infringement.

## FOURTH CAUSE OF ACTION

### Inducement of Copyright Infringement

82. Plaintiff Liberty re-alleges and incorporates by reference as if *verbatim,* each and every paragraph previous to this section, inclusive.

83. Defendants designed and distributed technology and devices and induced individuals to use this technology to promote the use of infringed and copyrighted material. As a direct and proximate result of Defendants' inducement, individuals infringed Plaintiff Liberty's copyrighted works. These individuals reproduced, distributed and publicly disseminated Plaintiff's copyrighted works through Defendant Vinigay.com's website.

84. Defendants' inducements were willful, knowing, or negligent and, at all pertinent times, Defendant acted in disregard of and with indifference to Plaintiff Liberty's copyrights.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Liberty respectfully requests the Court hereby:

(1) Enter a judgment declaring that all Defendants, jointly and severally, with a common plan, purpose or scheme, willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. §501 through direct, contributory, vicarious, and inducing acts;

(2) Issue declaratory and injunctive relief against all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in acting in concert or participation with them, and further to enjoin and restrain all Defendants and others from copying, posting or making any other infringing use or infringing distribution of Plaintiff's audiovisual works, photographs or other materials;

(3) Issue injunctive and declaratory relief against Defendants Vinigay.com, Frank, and Does 3-500 and their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from engaging in further acts of copyright infringement; and if they are unable to comply, then this Court should issue an order shutting down Vinigay.com completely.

(4) Enter an order of impoundment pursuant to 17 U.S.C. §§503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

(5) Enter an order enjoining Defendants Vinigay.com and Frank from disposition of any domain names registered to them, or other property, until full and final settlement of any and all money damage judgments;

(6) Enter an order requiring a full and complete accounting of all amounts due and owing to Plaintiff Liberty as a result of their illegal or improper activity, whether criminal or civil in nature, of any and all Defendants, each and singular, jointly or severally;

(7) Enter an order directing the Defendants pay Plaintiff statutory damages as follows:

   a. maximum enhanced statutory damages of $150,000 per infringed work pursuant to 17 U.S.C. §504(c)(2), for Defendants' willful infringement of Plaintiff Liberty's copyrights;

   b. Plaintiff Liberty's damages and Defendants' profits or alternatively statutory damages pursuant to 15 U.S.C. §1117; and,

(8) Enter an order directing the Defendants pay Plaintiff Liberty both the costs of action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. §504 and 15 U.S.C. §1117;

(9) Enter an order directing the Defendants pay pre- and post-judgment interest at the highest legal rate;

(10) Grant to Plaintiff Liberty whatever and further relief, either in law or in equity, to which this honorable Court deems them fit to receive.

Date: February 10, 2011.

s/ Marc Randazza
Marc Randazza, Arizona Bar No. 027861
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com