**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Liberty Media Holdings, LLC, | ) | No. CV-11-0280-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Vinigay.com; Gustavo Paladeski; Vinicius Alves, | ) | |
| Defendants. | ) | |

This matter is before the Court on Plaintiff's Motion to Substitute Name of Vinicius Alves for Doe 1 and *Ex Parte* Motion for Alternate Service on Defendants Vinigay.com, Gustavo Paladeski and Vinicius Alves. (Docs. 5, 7)  As a result of Plaintiff's voluntary consent, the undersigned Magistrate Judge has jurisdiction to proceed pursuant to 28 U.S.C. § 636(c). (Doc. 9)

**I. Motion to Substitute Party/Amend Complaint**

On February 10, 2011, Plaintiff commenced this action naming Vinigay.com, Gustavo Paladeski, and Does 1-100 as Defendants. (Doc. 1) On February 16, 2011, Plaintiff filed a Motion to Substitute seeking to substitute Vinicius Alves for Doe 1. (Doc. 5) Plaintiff explains that, since filing suit, it has "discovered that the apparent name of one of the operators of Vinigay.com responsible for the acts complained of is Vinicius Alves." (Doc. 5-1 at 1) Plaintiff seeks leave to file a Amended Complaint in which Vinicus Alves is substituted for Doe 1, therefore, the Court construes the Motion to Substitute as a motion

1  for leave to amend the complaint.

2  Federal Rule of Civil Procedure 15(a)(1)(A) provides that "[a] party may
3  amend its pleading once as a matter of course within . . . 21 days after serving it[.]"
4  Fed.R.Civ.P. 15(a)(1)(A). Because Plaintiff has not served the original Complaint on any
5  defendant and no defendant has answered or filed a responsive motion under Rule 12(b), (e),
6  or (f), Plaintiff does not need the Court's permission to file a First Amended Complaint.
7  Indeed, Plaintiff has already filed a First Amended Complaint, naming Vinigay.com,
8  Gustavo Paladeski, Vinicus Alves, and Does 2-100 as defendants. (Doc. 6) Because Plaintiff
9  does not need leave to file its First Amended Complaint, the Court will deny the Motion to
10 Amend as moot.

11 The Court notes that the First Amended Complaint identifies "Does 2-100" as
12 defendants. (Doc. 6) The Federal Rules of Civil Procedure do not provide for the use of
13 fictitious parties. *Wenzel v. Arpaio*, 2009 WL 4154926, * 3 (D. Ariz. 2009) ("Generally, the
14 use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the
15 Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in
16 the action."). There is no provision in the federal statutes or Federal Rules of Civil Procedure
17 either authorizing or expressly prohibiting the use of fictitious parties. However, the Ninth
18 Circuit has expressed disapproval of the practice. In *Tolefree v. Ritz*, a civil rights action, the
19 Ninth Circuit held that it was proper to dismiss the action as to fictitious defendants. *Tolefree*
20 *v. Ritz*, 382 F.2d 566, 567 (9th Cir. 1967) (*per curiam*) (affirming dismissal "as to the
21 fictitious defendants . . . .") (citing *Molnar v. National Broadcasting Company*, 231 F.2d 684,
22 687 (9th Cir. 1956)).

23 In this case, the caption of the First Amended Complaint identifies "Does 2-
24 100" as defendants. (Doc. 6) In the "Introduction," Plaintiff alleges that "Does 2-100 are
25 members of Vinigay.com or merely downloaded copyrighted works off of the Vinigay.com
26 website. They remain presently unidentified." (Doc. 6 at 2) In the Prayer for Relief,
27 Plaintiff refers to "Does 3-500." (Doc. 6 at 12) Aside from the aforementioned references
28 to Doe defendants, the First Amended Complaint does not contain any specific allegations

1 against a single Doe defendant. In view of Ninth Circuit law disfavoring the use of fictitious
2 parties and the lack of any specific allegations against the Doe defendants, the Court will
3 dismiss, without prejudice, the allegations against the Doe defendants.[1] Should Plaintiff later
4 identify any Doe defendant or defendants, it may seek leave to amend the Complaint to add
5 such party or parties.

**II. Motion for Alternative Service**

In a separate motion, Plaintiff seeks leave to serve Defendants Vinigay.com, Gustavo Paladeski, and Vinicus Alves by alternative means pursuant to Fed.R.Civ.P. 4(h)(2) and Fed.R.Civ.P. 4(f)(3). Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals.

Federal Rule of Civil Procedure 4(f)(3) reads, in pertinent part:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual-other than a minor, an incompetent person, or a person whose waiver has been filed-may be served at a place not within any judicial district of the United States:
>
> (1) by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on Service Abroad of Judicial and Extra Judicial Documents;
>
> (2) if there is no internationally agreed means, or if an international

---

[1] Although a magistrate judge may not have jurisdiction over an action unless all parties have consented to him or her, the consent of Doe Defendants is not required in order to properly dismiss Plaintiff's claims against fictitious defendants because Doe Defendants are fictitious defendants, have not been served, and, thus, are not named parties. *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) (holding that magistrate judge had jurisdiction to dismiss prison inmate's action under 42 U.S.C. § 1983 as frivolous without consent of defendants because defendants had not been served yet and therefore were not parties); *see also United States v. Real Property*, 135 F.3d 1212, 1217 (9th Cir. 1998) (holding that magistrate judge had jurisdiction to enter default judgment in *in rem* forfeiture action even though property owner had not consented to it because 28 U.S.C. § 636(c)(1) only requires the consent of the parties and the property owner, having failed to comply with the applicable filing requirements, was not a party).

> agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> >
> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> >
> > (C) unless prohibited by the foreign country's law, by;
> >
> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > >
> > > (ii) using any form of mail that the clerk addresses and sends to the individual personally; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed.R.Civ.P. 4(f)(3).

Plaintiff seeks to an order permitting service under Federal Rule of Civil Procedure 4(f)(3), which must be (1) directed by the court, and (2) not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). In reviewing Rule 4(f)(3), the Ninth Circuit found that "[n]o other limitations are evident from the text." *Id*. Rule 4(f) does not "create a hierarchy of preferred methods of service of process" and, "court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or 4(f)(2)." *Id.*, 284 F.3d at 1015. Under Rule 4(f)(3), a method of service must comport with constitutional notions of due process and must not violate any international agreement. *Id..*, 284 F.3d at 1015, 1016. A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 1016, 1017 (quoting *Mullane v. Cent. Hanover Bank & Trust*, 339 U.S. 306, 314 (1950)).

"[T]rial courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Id*. at 1016. However, in effectuating service of process under Fed.R.Civ.P. 4(f)(3), a plaintiff must obtain prior court

approval for the alternative method of service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004).

Plaintiff brings this copyright infringement action against Defendants Vinigay.com, Gustavo Paladeski, and Vinicus Alves seeking redress for Defendants' misappropriation of Plaintiff's copyrighted works. (Docs. 6, 7)  In an attempt to determine the location of the owner and operator of the vinigay.com website, Plaintiff searched the "Whois" database but has only discovered an incomplete address in Brazil. (Doc. 7-1 at 1; (Doc. 1-2)  Plaintiff has discovered that the domain name registrar for vinigay.com is Wild West Domains. (Doc. 7-1; Exh. 2)  On February 11, 2011, Plaintiff provided a notice to preserve evidence and request to lock the domain name from transfer to Wild West Domains, the registrar of the domain name vinigay.com. (Doc. 7-1 at 2; Exh. 2)  On February 15, 2011, Plaintiff's counsel received an e-mail from the responsible party for vinigay.com regarding the lock placed on the website. (Doc. 7-1 at 2; Exh. 3)  The email originated from two email addresses, **vinicus@glutoneria.com** and **suiciniv.stupid@gmail.com.**  Thus, Plaintiff has two email addresses for Defendants, but has not obtained a physical address.

In the absence of a complete address, Plaintiff cannot personally serve Defendants in Brazil.  Plaintiff also asserts that, even with a correct address, personal service in Brazil is "problematic" and can take over three years to complete.  (Doc. 7-1 at 3, Exh. 4)  The State Department has noted that service in Brazil "is problematic and requests can take upwards of three years to complete." *Synthes v. G.M. Dos Reis Jr. Ind. Com. De Equip Medico*, 2007 WL 2238900, * 8 n. 8 (S.D.Cal., Aug. 2, 2007) (noting that litigants should proceed by way of letters rogatory when seeking discovery from a Brazilian corporation). Additionally, according to the United States Department of Justice, since May of 2003, only two of 100 requests for service under the Inter-American Convention on Letters Rogatory and Additional Protocol from the United States have been successfully executed in Brazil. *Id*.; *Lyman Morse Boatbuilding Co., Inc. v. Lee*, 2011 WL 52509, * 3 (D.Me., Jan. 6, 2011) (approving service upon defendant's attorneys in the United States by certified mail and

1 noting that "any attempt at formal service through the Brazilian judicial system will be, if
2 not fruitless, prolonged for such extensive period of time that evidence and testimony may
3 well be affected.").

4       In view of the difficulties surrounding personal service in Brazil, Plaintiff
5 seeks an order permitting service on Defendants Vinigay.com, Gustavo Paladeski, and
6 Vinicus Alves by email and has obtained email addresses from the party responsible for
7 Vinigay.com after Plaintiff placed a "Registrar Lock" on the website on February 11, 2011.
8 (Doc. 7-1, Exhs. 2, 3) Plaintiff asserts that service through email comports with due process
9 because it is reasonably calculated to inform Defendants of the impending action, and under
10 the circumstances here, it is the only means of providing notice to Defendants. Plaintiff has
11 provided evidence indicating that Defendants have already contacted Plaintiff by email.
12 (Doc. 7-1, Exh. 3)

13       In *Rio Properties*, the Ninth Circuit found that email was "the method most
14 likely to reach" a defendant who operated a website from Costa Rica with no discoverable
15 street address in either the United States or Costa Rica, and who only provided an email
16 address as a contact. 284 F.3d at 1017-118. Like *Rio Properties*, Plaintiff argues Defendants
17 are located abroad and have a business that is conducted through the internet. Furthermore,
18 through its investigation, Plaintiff has been unable to determine a physical address for
19 Defendants either in the United States or Brazil and is, thus, unable to serve Defendants by
20 any other means.

21       Plaintiff also contends there is no authority that expressly provides or implies
22 that email service is prohibited by international agreement, or otherwise, in Brazil. Brazil
23 is not a party to the Hague Convention. *Synthes*, 2007 WL 2238900, * 8 n. 8; *Lyman Morse
24 Boatbuilding Co., Inc.*, 2011 WL 52509, at * 1. However, the United States and Brazil are
25 both parties to the Inter-American Convention on Letters Rogatory and Additional Protocol
26 (the "IAC") which governs foreign service of process for relations between signatory
27 countries. *Lyman Morse Boatbuilding Co., Inc.*, 2011 WL 52509, at * 1; *Tucker v. Interarms*,
28 186 F.R.D. 450, 451 (D.Ohio 1999). Article 2 of the IAC establishes that "[t]his convention

- 6 -

1 shall apply to letters rogatory, issued in conjunction with proceedings in civil and
2 commercial matters held before the appropriate judicial or adjudicatory authority."
3 *Dominion Exploration & Production, Inc. v. Del Mar Systems, Inc.*, 2008 WL 4809453
4 (E.D.La. 2008) (quoting Inter-American Convention on Letters of Rogatory, Jan. 30, 1975,
5 art.2.). Thus, the IAC only regulates the transmittal of documents abroad and does not
6 "supplant all alternative methods of service." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
7 22 F.3d 634, 640 (5th Cir. 1990). In view of the foregoing, there is no international
8 agreement prohibiting service *via* email in Brazil.

9 Additionally, the decision in *Rio Properties* and other cases from district courts
10 within the Ninth Circuit support the proposition that service by email is not generally
11 prohibited by international agreement. *Bank Julius Baer & Co. Ltd v. Wikileaks*, 2008 WL
12 413737, at * 2 (N.D.Cal. 2008) (finding plaintiff had successfully demonstrated that service
13 through email was not prohibited by an international agreement); *Williams-Sonoma Inc. v.*
14 *Friendfinder* Inc., 2007 1140639, at * 2 (N.D. Cal. 2007) (concluding that there was no
15 showing that service by email was prohibited by an international agreement).

16 The Court agrees and finds that service of Defendants through email is
17 appropriate and that it comports with due process. Plaintiff has demonstrated that it has been
18 unable to obtain a physical address for Defendants. Additionally, Plaintiff has shown that
19 because Defendants conduct business through the internet and have contacted Plaintiff's
20 counsel *via* email, service through email will give Defendants sufficient notice and
21 opportunity to respond. The Court also finds that issuing an order allowing service *via* email
22 would not be prohibited by international agreement.

23 In accordance with the foregoing,

24 **IT IS ORDERED** that Plaintiff's Motion to Substitute Name of Vinicius
25 Alves for Doe 1, construed as a Motion to File an Amended Complaint, doc. 5, is **DENIED**
26 as moot because Plaintiff did not need leave of court to file the Amended Complaint.

27 **IT IS FURTHER ORDERED** that Defendants Does 2-100, named in the
28 First Amended Complaint, are **DISMISSED** without prejudice.

1    **IT IS FURTHER ORDERED** that Plaintiff's *Ex Parte* Motion for Alternate
2    Service on Defendants Vinigay.com, Gustavo Paladeski and Vinicius Alves, doc. 7, is
3    **GRANTED** and that these Defendants may be served at Defendants' last known e-mail
4    addresses, **vinicus@glutoneria.com** and **suiciniv.stupid@gmail.com.**

5    **IT IS FURTHER ORDERED** that Plaintiff's counsel shall "use proper
6    capitalization," i.e., use proper upper and lower case type to denote the correct spelling of
7    the party names, in all future captions as mandated by LRCiv 7.1(a)(3). (See Appendix C.
8    – LRCiv 7.1 Form) Counsel is hereby forewarned that future violations of LRCiv.7.1(a)(3),
9    other Local Rules, or court orders may result in the striking of such non-compliant pleading
10   or filing.

11   Dated this 2nd day of March, 2011.

*[signature]*
Lawrence O. Anderson
United States Magistrate Judge