Marc J. Randazza, Esq.,
Arizona Bar No. 027861
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

Attorney for Plaintiff,
LIBERTY MEDIA HOLDINGS, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Liberty Media Holdings, LLC<br><br>        Plaintiff,<br><br>   vs.<br><br>Vinigay.com; Gustavo Paladeski; Vinicius Alves<br><br>        Defendants. | Case No. 11-CV-0280-PHX-LOA<br><br>**PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE (ECF NO. 18)** |

1. On April 11, 2011, the court requested a status report as to why the action should not be dismissed for want of prosecution. (ECF 18).

2. Defendants Vinigay.com and Gustavo Paladeski were required to respond or otherwise defend on or before March 31, 2011. Defendant Vinicius Alves was required to respond or otherwise defend on or before April 1, 2011.

3. It has now been only 10 days since the last deadline for Defendants to respond.

4. As a matter of pattern and practice, the undersigned prefers to allow some leeway to defendants, and does not normally move for entry of default against a defendant immediately upon the deadline for their answer (nor without notice to a defendant). Courts may, upon good cause, set aside an entry of default pursuant to Fed. R. Civ. P. 55(c) if defendant's answer arrives late, and both courtesy and judicial economy weigh in favor of providing a seemingly defaulting defendant with some degree of leeway.

5. Given that the Defendants are located in Brazil, a two week wait was appropriately courteous in the undersigned's view.

6. As the Court issued the OSC before the finish of this 2 week period, the undersigned did not yet have a chance to notify the Defendant of Plaintiff's intent to seek default, which the undersigned prefers to do before moving for default.

7. Given the Court's OSC, Plaintiff is contemporaneously filing its motion for entry of default along with this response.

8. It is not in the interest of justice to dismiss the action, as allowing a Defendant some leeway before immediately seeking a default is in the interest of justice and professionalism. See, e.g., *Lack v. Rustick*, 2008 U.S. Dist. LEXIS 9969 *4 (D. Ariz. 2008) ("Default judgment is generally disfavored, and a court should, whenever possible, decide a case on the merits."); *Smith v. Robinson*, 2009 U.S. Dist LEXIS 91965, *6 (M.D. Fla. 2009 ) ("Pursuant to Rule 55…a court may set aside an entry of default 'for good cause.'  'Good cause' is a liberal, elastic standard that does not have a precise formula."); *Active Prods. Corp. v. A.H. Choitz & Co.*, 163 F.R.D. 274, 1995 U.S. Dist. LEXIS 22061, *33 (N.D. Ind. 1995) ("Whenever it appears that a party is in default by failure to appear or to plead or defend as required by the Federal Rules or an Order of this Court, plaintiffs shall, within thirty (30) days of that default, move for a default in accordance with Rule 55 of the Federal Rules of Civil Procedure.")

Dated: April 12, 2011

s/ Marc Randazza
Marc Randazza, Arizona Bar No. 027861
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
MJR@randazza.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed using this Court's CM/ECF system on April 12, 2011.  Service was made on Defendants by email pursuant to the Court's Order (ECF No. 10).

Dated: April 12, 2011            Respectfully submitted,

                                       s/ Marc Randazza
Marc J. Randazza, SBN 269535
Randazza Legal Group
3969 Fourth Avenue, Suite 204
San Diego, CA 92103
888-667-1113
305-437-7662 (fax)
mjr@randazza.com