1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                              FOR THE DISTRICT OF ARIZONA

8

9    Liberty Media Holdings, LLC,            )    No. CV-11-280-PHX-LOA
                                             )
10                        Plaintiff,         )    **ORDER TO SHOW CAUSE**
                                             )
11   vs.                                     )
                                             )
12                                           )
     Vinigay.com; Gustavo Paladeski; Vinicius)
13   Alves,                                  )
                                             )
14                        Defendants.        )
                                             )
15   _____)

16          In preparing the Court's Report and Recommendation which involves a detailed

17   analysis of the complex issue whether the District Court of Arizona has personal

18   jurisdiction over the Brazilian Defendants on Plaintiff's Application for Entry of Default

19   Judgment, the Court has discovered controlling case law that if Defendants' acts of

20   infringement occurred outside the United States, Plaintiff's claims are not actionable

21   under the Copyright Act because U.S. copyright law has no extraterritorial effect.

22          In *Rundquist v. Vapiano SE*, ___ F.Supp.2d ___, 2011 WL 2881333, * 16

23   (D.D.C. July 20, 2011), the district court stated that:

24

25          It is well-established that the Copyright Act does not have extraterritorial effect.
            *Subafilms, Ltd. v. MGM–Pathe Commc'ns Co.*, 24 F.3d 1088, 1095–96 (9th Cir.
            1994) ("The 'undisputed axiom,' that the United States' copyright laws have no
26          application to extraterritorial infringement . . . consistently has been reaffirmed."
            (internal quotations and citations omitted)); *Update Art, Inc. v. Modiin Publ'g,*
27          *Ltd.*, 843 F.2d 67, 73 (2d Cir.1988); *Robert Stigwood Grp. Ltd. v. O'Reilly*, 530
            F.2d 1096, 1101 (2d Cir. 1976) ("Copyright laws do not have extraterritorial
28          operation."); *Armstrong v. Virgin Records*, 91 F.Supp.2d 628, 634 (S.D.N.Y.

1
2
3
4
5

> 2000) ("As a general principle, it is not seriously disputed that United States copyright laws do not have extraterritorial effect ..."). Thus, there is no cause of action under the Copyright Act for acts of infringement that occur completely outside the United States. *Subafilms*, 24 F.3d at 1091; *Armstrong*, 91 F.Supp.2d at 634. Consequently, a foreign actor who engages in or authorizes infringing activity while abroad, and no part of the infringing activity takes place in the United States, does not thereby violate U.S. copyright law and U.S. courts do not have subject matter jurisdiction over claims arising from that foreign activity.

6   *Rundquist v. Vapiano SE*, 2011 WL 2881333 at 16. The Ninth Circuit has not retreated

7   from its 1994 holding in *Subafilms, Ltd. v. MGM–Pathe Commc'ns Co.*, 24 F.3d 1088,

8   1095–96 (9th Cir. 1994) that a law passed by Congress is generally assumed to apply

9   only to regulate conduct occurring within the boundaries of the United States. *Blazevska*

10  *v. Raytheon Aircraft Co*., 522 F.3d 948, 954 (9th Cir. 2008) (confirming *Subafilms*

11  holding that copyright infringement in foreign distribution of films is not actionable in

12  the United States).

13       Based on the allegations in the First Amended Complaint, the evidence presented

14  at the July 8, 2011 default damages hearing and related affidavits and memoranda, and

15  the reasonable inferences from the facts presented, the facts indicate or suggest that

16  Defendants consented to Plaintiff's terms of its works' authorized use according to

17  Plaintiff's website, CorbinFisher.com, and then lawfully downloaded Plaintiff's three

18  videos after paying the required fees. Thereafter, Defendants unlawfully uploaded and

19  redistributed Plaintiff's works through Defendants' tube site, vinigay.com, in Brazil.

20  (Docs. 6, ¶ 24 at 4; 24-2, Exh. 2, ¶ 6 at 2; Tr. 4-5, 29)  Thus, Defendants' infringement

21  occurred entirely outside the United States and, therefore, Plaintiff has no cause of action

22  under the Copyright Act for Defendants' acts of infringement. *Subafilms*, 24 F.3d at

23  1091.

24       On the Court's own motion,

25       **IT IS ORDERED** that Plaintiff show cause in writing on or before **Friday,**

26  **December 2, 2011** why this lawsuit should not be dismissed with prejudice because

27  Defendants' infringement occurred entirely outside the United States and Plaintiff has no

28  cause of action under the Copyright Act for Defendants' acts of infringement under

controlling Ninth Circuit authority.

Dated this 21st day of November, 2011.

Lawrence O. Anderson
United States Magistrate Judge